UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| TYERIE JOHNSON, ) <br> ) <br> Plaintiff, ) <br> ) <br> v. ) <br> ) <br> CITY OF CHICAGO, BRADLEY ) <br> ANDERSON, #15660, CORNELIUS BROWN, ) <br> #2235, YVETTE CARRANZA, #13435, ) <br> ANTHONY BRUNO, #1123, STEVEN ) <br> HOLDEN, #8149, SCOTT WESTMAN, ) <br> #18472, and RUSSELL WILLINGHAM, #511, ) <br> ) <br> Defendants. ) | No. 20 C 7222 <br><br> Judge Sara L. Ellis |

## ORDER

The Court grants Plaintiff's motion to exclude matters outside the complaint [21]. The Court strikes Defendant City of Chicago's motion to dismiss [19] and memorandum in support of its motion to dismiss [20]. The Court denies the Defendant Officers' motion to join the City of Chicago's motion to dismiss [18] without prejudice. The Court orders Defendants to refile their motions to dismiss in accordance with this Order by May 7, 2021. Plaintiff's response to the motions to dismiss are due June 4, 2021 and Defendants' replies are due June 18, 2021. The Court strikes the status hearing set for 4/22/2021 and resets it to September 22, 2021 at 9:30 a.m. for ruling on the motions to dismiss.

## STATEMENT

Chicago Police officers arrested Plaintiff Tyerie Johnson while executing a search warrant in a two-flat apartment building, allegedly falsely representing that Johnson was the target of the search. Johnson was charged with possession of drugs but ultimately exonerated at trial. Johnson then filed this lawsuit against the officers involved in the search and his arrest, Bradley Anderson, Cornelius Brown, Yvette Carranza, Anthony Bruno, Steven Holden, Scott Westman, and Russell Willingham (the "Defendant Officers") and the City of Chicago. Johnson alleges that the Defendant Officers and the City violated his Fourth and Fourteenth Amendment rights, and he also brings a state law malicious prosecution claim against the City. The City moved to dismiss Johnson's claims, a motion in which the Defendant Officers joined. The City attached police reports concerning the incident as Exhibits A to E of their memorandum, claiming that the Court could consider these police reports because Johnson relies on them in his

complaint.[1] Johnson has moved to strike these exhibits, arguing that they do not fall within the narrow category of evidence that a Court can consider on a motion to dismiss.

Although the Court normally cannot consider extrinsic evidence without converting a motion to dismiss into one for summary judgment, *Jackson v. Curry*, 888 F.3d 259, 263 (7th Cir. 2018), the Court may consider "documents that are central to the complaint and are referred to in it" in ruling on a motion to dismiss, *Williamson v. Curran*, 714 F.3d 432, 436 (7th Cir. 2013). The extrinsic evidence must also be "concededly authentic." *Tierney v. Vahle*, 304 F.3d 734, 738 (7th Cir. 2002). Here, the City argues that Johnson has referred to the police reports in his complaint and that they are central to his claims because Johnson contends that the Defendant Officers made false statements in those reports that resulted in his wrongful prosecution. The City then urges the Court to rely on the police reports to conclude that the Defendant Officers had probable cause to make the arrest and pursue charges against Johnson. Johnson argues, however, that he only referred to the police reports in his complaint to allege that they contained false statements in support of his malicious prosecution claim, not because those reports are central to his claim. The Court agrees with Johnson that it cannot consider the contents of the police reports at the motion to dismiss stage, where doing so would prevent Johnson from probing the truthfulness of those statements and require the Court to make a credibility determination about the events in question. *See Andersen v. Vill. of Glenview*, No. 17-CV-05761, 2018 WL 6192171, at *4–5 (N.D. Ill. Nov. 28, 2018) (refusing to consider police reports because their authenticity was in question and the court could not accept the truth of the events set forth in them on a motion to dismiss); *Gardunio v. Town of Cicero*, 674 F. Supp. 2d 976, 985 (N.D. Ill. 2009) (refusing to consider police records at the motion to dismiss stage where the plaintiff alleged that the defendants manufactured evidence against the plaintiff); *cf. Henderson v. Rangel*, No. 19-cv-06380, 2020 WL 5642943, at *1 n.1, *4 (N.D. Ill. Sept. 21, 2020) (taking into consideration police reports attached to a motion to dismiss pursuant to the incorporation by reference doctrine but refusing to make any determinations regarding probable cause based on those reports "because doing so inherently involves findings of fact not permitted on a motion to dismiss").

Because the Court will not consider the police reports (Exhibits A-E) at the motion to dismiss stage and much of the City's motion to dismiss relies on these police reports, the Court strikes the City's motion to dismiss and memorandum and orders the City to refile its motion to dismiss without reference to the police reports.

Date: April 20, 2021 /s/ Sara L. Ellis

---

[1] The City also attached a certified statement of conviction/disposition as Exhibit F. Johnson does not challenge the Court's ability to consider this exhibit in deciding a motion to dismiss. *See Adebiyi v. Felgenhauer*, No. 08 C 6837, 2010 WL 1644255, at *2 (N.D. Ill. Apr. 20, 2010) (taking judicial notice of certified statement of conviction).